KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Nicholas R. Barthel, Esq. (319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite 101
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Conrad Kopec

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONRAD KOPEC,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS SERVICES, LLC,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **THE ELECTRONIC FUND TRANSFERS ACT, 15 U.S.C. § 1693, *ET SEQ.*;**<br>II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*;**<br>III. **NEGLIGENCE.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**INTRODUCTION**

1.  Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems, most particularly, to provide consumers with individual rights.

2.  Furthermore, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. The Legislature concluded that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.  CONRAD KOPEC ("Plaintiff") by Plaintiff's attorney, brings this action to challenge the actions of VERIZON WIRELESS SERVICES, LLC ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to another plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1693, and 28 U.S.C. § 1367 for supplemental State claims.

9. This action arises out of Defendant's violations of (i) the Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"); and (iii) negligence.

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well.

## PARTIES

12. Plaintiff is a natural person who reside in the County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiff, and who is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Plaintiff was a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.92(d) at all times relevant.

14. In addition, Plaintiff is a "senior citizen" as that term is defined by Cal. Civ. Code § 1761(f) at the time of Defendant's violations at issue herein.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, is a corporation headquartered in the State of New Jersey and is therefore a "person" as that term is defined by Cal. Civ. Code § 1788.2(g).

16. Plaintiff is informed and believes, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

18. Sometime prior to 2017, Plaintiff began using Defendant's cellular telephone and internet services.

19. In exchange for these services, Plaintiff contracted to pay a monthly payment of approximately $139. These payments were made through auto-pay arrangement, which allowed Defendant to electronically withdraw payments monthly from Plaintiff's US Bank account using a Visa credit card ending in "9855".

20. On or about October 12, 2017, Plaintiff was reviewing his credit card statement and noticed Defendant charged Plaintiff's credit card for an amount in excess of $1,500. Astonished by this, Plaintiff inquired into the absurd increase and discovered that an unknown individual in the New York area

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

purchased two cellular telephones and two telephone lines under Plaintiff's name.

21. Plaintiff is a California resident and had never authorized these purchases on his account. This is readily apparent from a police report Plaintiff filed claiming that these charges were the result of identity theft.

22. In an attempt to resolve this, Plaintiff went into one of Defendant's physical locations to dispute the charges and, after three hours, an agent of Defendant's claimed that the fraudulent charges had been taken off of Plaintiff's account.

23. However, when Plaintiff received his next billing statement, Defendant billed Plaintiff a total amount of $186.46, which is approximately $47 dollars more than Plaintiff owed. This incorrect excessive amount was comprised of a New York State tax, and an upgraded phone plan and the surcharge associated with it. All of these amounts were incorrect and not authorized by Plaintiff.

24. Frustrated from Defendant's inability to remedy the issue, Plaintiff called Defendant on or about November 18, 2017, to inform Defendant that Plaintiff was canceling his account with Defendant. Additionally, Plaintiff notified Defendant that Defendant no longer had the right to charge Plaintiff's credit card, and that Plaintiff would not pay the statement until the fraudulent charges were removed. The next automatic withdrawal was scheduled to take place on December 2, 2017.

25. In addition to calling Defendant, Plaintiff sent a letter notifying Defendant of the incorrect amounts. This letter also notified Defendant that Plaintiff refused to pay the alleged debt until the proper amount was reflected. Again, Plaintiff unambiguously stated that, "Verizon is no longer authorized to charge our U.S. Bank VISA credit card ending in 9855."

26. Despite Plaintiff's clear termination of authorization, Defendant charged $186.46 to Plaintiff's credit card ending in "9855" on or about December 2, 2017.

27. Frustrated by this, Plaintiff sent Defendant another letter on December 15, 2018, which reiterated that, "Verizon is no longer authorized to charge our U.S. Bank VISA credit card ending in 9855."

28. However, despite receiving this third clear demand stating that Defendant no longer had consent to make electronic withdrawals from Plaintiff's account, on January 2, 2017, Defendant charged $386.46 to Plaintiff's credit card ending in "9855".

29. Plaintiff disputed these charges with US Bank, and the US Bank found that the amounts Defendant charged were based in fraud, and thus credited Plaintiff the amount Defendant had withdrawn.

30. After US Bank refused to pay Defendant for the charge to Plaintiff's account, Defendant sent this alleged debt out to several collection agencies, including, but not limited to, North Shore Agency and Convergent Outsourcing, Inc.

31. During this time period, Defendant was also sending billing statements directly to Plaintiff claiming that Plaintiff was past due.

32. Plaintiff felt overwhelmed by Defendant's and the collection agencies' bombardment of demands to pay a debt Plaintiff did not owe. Consequently, on March 22, 2018, Plaintiff's attorneys sent a cease and desist letter on Plaintiff's behalf again notifying Defendant that Plaintiff was not going to pay this alleged debt and he wished for Defendant to stop attempting to collect on Plaintiff's account.

33. Despite being notified that Plaintiff was not going to pay the alleged debt and that Plaintiff wished for Defendant to stop attempting to collect on this alleged debt, Defendant emailed Plaintiff on five separate occasions between March 30, 2018, and April 5, 2018.

34. Within these emails, Defendant requests to disclose Plaintiff's "written off balance" and threatened that Plaintiff's account was "eligible to be reported."

35. Through all of this foregoing conduct, Defendant acted in a manner that was

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

oppressive, fraudulent, malicious and outrageous.

36.  In one of the last emails sent, Defendant admits, "the November invoice was higher due to your plan being changed to the Unlimited when the additional lines were added fraudulently."

37.  After this confession, Defendant indicated that it would now, over five months after the first incorrect bill, take the fraudulent excess amount off of Plaintiff's account.

38.  Once this correct amount was reflected on Plaintiff's statement, Plaintiff immediately paid the amount he believed he owed. However, even after this payment was made, the payment confirmation screen stated that the amount past due was $368.46, which is incorrect.

39.  Defendant's oppressive and abusive behavior over the last five months caused Plaintiff to suffer extreme amounts of frustration and anger.

40.  Through this conduct, Defendant further caused Plaintiff to suffer emotional distress.

41.  The conduct of Defendant was a substantial factor in causing Plaintiff's emotional distress and the harm described above in an amount to be proven at trial.

42.  Through this conduct, Defendant has caused Plaintiff's damages including, but not limited to, inconvenience and emotional distress.

<u>CAUSES OF ACTION CLAIMED BY PLAINTIFFS</u>

COUNT I

**VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT**

**15 U.S.C. §§ 1693, *ET SEQ*. (EFTA)**

43.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.  Plaintiff's US Bank account constitutes an "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

45. Defendant is also a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j) and used throughout EFTA and a "financial institution" as defined by 15 U.S.C. § 1693a(9).

46. The term "electronic fund transfer" which means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, and transfers initiated by telephone. *See* 15 U.S.C. § 1693a(7). Therefore, Defendant's act of transferring funds from Plaintiff's US Bank account using Plaintiff's credit card is an "electric fund transfer" as defined by 15 U.S.C. § 1693a(7).

47. Plaintiff properly stopped payment of a preauthorized electronic fund transfer under 15 U.S.C. § 1693e(a) and 12 C.F.R. 1005.10(c) by calling and sending letters to Defendant stating that "Verizon is no longer authorized to charge our U.S. Bank VISA credit card ending in 9855," two weeks before the automatic withdrawal was scheduled.

48. Therefore, Defendant's December 2, 2017, and January 2, 2018, withdrawls were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

49. Defendant's foregoing acts and omissions constitute numerous and multiple violations of EFTA.

50. As a result of each and every violation of EFTA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

COUNT II

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Plaintiff as a natural person is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

53. Defendant collects debts in its ordinary course of business, therefore Defendant is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

54. The alleged debt is for money owed for a personal cellular telephone, thus this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

55. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

56. Specifically, by emailing and sending bills to Plaintiff after Plaintiff notified Defendant in writing that Plaintiff was not going to pay the alleged debt, Defendant violated 15 U.S.C. § 1692c(c). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

57. Defendant violated 15 U.S.C. § 1692d by sending the alleged debt to several collection agencies, while still sending billing statements itself, despite being notified by Plaintiff that Plaintiff was not going to pay the incorrectly alleged debt. The natural consequence of these actions is to harass, oppress and abuse Plaintiff in connection with the collection of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

58. Defendant violated 15 U.S.C. § 1692e by representing to Plaintiff that Plaintiff owed $186.46 when in fact Plaintiff did not owe that amount, therefore Defendant used false, deceptive and misleading representations in connection with the collection of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

59. Defendant violated 15 U.S.C. § 1692e(2)(A) by representing to Plaintiff that Plaintiff owed $186.46 when in fact Plaintiff did not owe that amount. Therefore, Defendant made a false or misleading representation in regards to the character, amount, or legal status of the alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

60. Defendant violated 15 U.S.C. § 1692e(10) by attempting to charge Plaintiff's credit card despite knowing that Plaintiff had revoked Defendant's right to do such an action. Therefore, Defendant was using false representations and deceptive means in attempting to collect the alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has violated Cal. Civ. Code § 1788.17.

61. Defendant violated 15 U.S.C. § 1692f by attempting to charge Plaintiff's credit card despite knowing that Plaintiff had revoked Defendant's right to do such an action. Therefore, Defendant was using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has violated Cal. Civ. Code § 1788.17.

62. Defendant violated 15 U.S.C. § 1692f(1) by billing and attempting to collect an amount that was the product of a fraud and much more than Plaintiff had contracted for. Therefore, Defendant was collecting funds from Plaintiff that were not authorized by any agreement creating the debt. This section is

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1  incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus,

2  Defendant has violated Cal. Civ. Code § 1788.17.

3  63.  The foregoing acts and omissions constitute numerous and multiple violations

4  of the RFDCPA.

5  64.  As a result of each and every violation of the RFDCPA, Plaintiffs are entitled

6  to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

7  damages for a knowing or willful violation in the amount up to $1,000.00

8  pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and

9  costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant

10  individually.

11  ## COUNT IV

12  ### NEGLIGENCE

13  65.  Plaintiff incorporates by reference all of the above paragraphs of this

14  Complaint as though fully stated herein.

15  66.  Plaintiff believes and thereon alleges that Defendant owed various duties to

16  Plaintiff pursuant to the EFTA, and RFDCPA. Specifically, Defendant owed a

17  duty to Plaintiff with regard to its manner of debt collection practices and

18  electronic transfer practices.

19  67.  Defendant breached Defendant's duties by engaging in the acts described

20  herein each in violation of the EFTA, and the RFDCPA.

21  68.  Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's

22  injuries.

23  69.  Plaintiff believes and thereon alleges that as a proximate result of Defendant's

24  negligence, Plaintiff has suffered severe emotional distress.

25  70.  Due to the egregious violations alleged herein, Plaintiff asserts that Defendant

26  breached Defendant's duties in an oppressive, malicious, despicable, gross

27  and wantonly negligent manner. As such, said conduct establishes

28  Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to

recover punitive damages from Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for Plaintiff;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for Plaintiff;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) for Plaintiff;

- An injunction preliminarily and permanently enjoining Defendant from engaging in the unlawful debt collection practices stated herein;

- General damages according to proof;

- Special damages according to proof;

- Loss of earnings according to proof;

- Costs of suit incurred herein;

- Punitive damages according to proof as to the Third Cause of Action against Defendant;

- Treble damages pursuant to Cal. Civ. Code § 3345; and,

- Any and all other relief the Court deems just and proper.

///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**TRIAL BY JURY**

71. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  April 25, 2018                                      Respectfully submitted,

                                              **KAZEROUNI LAW GROUP, APC**

                                              By:  ____/s/ Matthew M. Loker____
                                                        MATTHEW M. LOKER, ESQ.
                                                        ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626